## COOLEY v. SANFORD.

ACTION on mutual promises (to-wit), That if the plaintiff acquired a good title to certain lands, which he had attached as the property of one Guyer, and should make a good conveyance of said lands in fee simple to the defendant, then the defendant engaged to become obligated to the plaintiff in the sum of £209 payable in a reasonable time; which agreement was in writing, with a penal clause.

The case was, that the plaintiff served his writ of attachment upon the land mentioned, on the 15th day of May, 1783, in the afternoon; and on the 22d, in the forenoon, a copy was left with the town clerk, which was not attested to be a true copy; and there were several variations between that

and the one left in service, and also between the return on that and on the original writ: The boundary on one side was described in a different manner.

After the service of this attachment on the lands, and before the copy was left with the town clerk, the defendant, Sanford, knowing thereof, purchased the land of Guyer, the debtor, and received a deed of bargain and sale, dated the 21st day of May, 1783, and recorded the same day.

On the 11th day of August, 1783, the agreement was made between the plaintiff and defendant. The plaintiff afterwards recovered judgment against Guyer, had execution, and levied on the land in legal form. The plaintiff then tendered to the defendant an ample deed of the land, and demanded the obligation for £209 but the defendant refused.

This action being brought, and issue joined to the court, the only question was, whether Cooley, under all the circumstances, had acquired a good title to the land, so as to be able to convey, agreeably to the tenor of the agreement.

Mr. Benedict and Mr. Ingersol, for the defendant. There ought to have been the same kind of attestation to the copy left with the town clerk, as to the copy left with the party in service; and if not the same literal exactness throughout, yet there ought to be the most critical exactness in the description of the lands taken, otherwise they are not identified, and the copy so left can answer no purpose but to mislead: In the present case, there being no attested copy left with the town clerk, and the pretended copy so left, being essentially variant from the original, and from the one left in service

with the party, it could create no lien on the land; therefore, the subsequent purchase by Sanford has given him an ample title.

Mr. Chancey and Mr. Silliman, for the plaintiff.    The law requires no more than a certificate, or description of the estate taken, to be left with the town clerk.    The words of the statute are, " When any real estate is taken, the officer serving the writ shall leave a true and attested copy thereof, and a description of the estate taken, at the town clerk's office, in the town where the estate lies; and until the service is completed, the estate so attached shall not be held by such attachment, against any other creditor or *bona fide* purchaser."    The object of the law can be no more than to give notice to the world of the lien that is on the land:    This purpose was fully answered in the present case, by the copy that was left; and the land was so far described, that no mistake could have happened in regard to it; the officer, therefore, has substantially performed his service.

The deed from Guyer to Sanford, was obtained under such circumstances, that the transaction contains in it a fraud: Sanford was acquainted with the circumstances; he undoubtedly designed to defeat Cooley of his hold upon the land; he therefore took it in his own wrong, which cannot legally operate to his benefit.

Judgment was rendered for the plaintiff.